**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1201.]**

IN RE DISQUALIFICATION OF WINKLER.

THE STATE OF OHIO *v*. JONES.

[Cite as *In re Disqualification of Winkler*, 1996-Ohio-62.]

*Judges—Affidavit of disqualification—Judge's simple expression of condolences to victim's family and offer to answer questions following trial does not indicate bias—Judge does not demonstrate predisposition to impose death penalty, when.*

(No. 96-AP-188—Decided December 6, 1996.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County

Court of Common Pleas case No. B9508578.

_____

**MOYER, C.J**.

{¶ 1} Affiant is co-counsel for the defendant in a capital murder case currently pending before Judge Ralph Winkler of the Hamilton County Court of Common Pleas. On November 26, 1996, the jury in the case returned verdicts of guilty on two counts of aggravated murder, with death penalty specifications, one count of aggravated burglary, and one count of aggravated robbery. The mitigation hearing on the aggravated murder convictions is scheduled to begin on December 9, 1996.

{¶ 2} Affiant alleges that Judge Winkler should be disqualified from presiding over the sentencing phase of the trial to avoid the appearance of prejudice, partiality, and impropriety and cites two events to support her claim. First, affiant says that following the conclusion of the presentation of evidence on November 21, but before closing arguments, Judge Winkler spoke to the son and daughter-in-law of the victim in the courtroom. During this conversation, affiant states that Judge Winkler expressed his condolences and indicated that if the son or daughter-in-law

had questions following trial, they could contact him. Affiant contends that this conversation demonstrates a bias toward the victim's family. Judge Winkler does not dispute the affiant's version of his conversation with the victim's family.

{¶ 3} Sentiments such as these are more appropriately expressed by a judge following conclusion of the trial. However, I cannot conclude that a judge's simple expression of condolences and offer to answer questions that the family members may have following the trial demonstrates a bias toward the victim's family or mandates Judge Winkler's disqualification to avoid the appearance of impropriety.

{¶ 4} Second, affiant states that following the jury verdicts, she was told by Judge Winkler that he would impose the maximum sentences on the defendant and run the sentences consecutively so that if there were a problem with the death specifications on appeal, the defendant would be incarcerated for a long time. Affiant contends that this statement demonstrates a predisposition on the part of the judge toward imposing the death penalty before presentation of any mitigating evidence. Judge Winkler states that his comments were limited to the aggravated robbery and aggravated burglary charges and were based on his belief that the evidence presented at trial warranted imposition of consecutive sentences. Judge Winkler denies making any statements relative to imposing the death penalty and says that such a suggestion, without having the benefit of the jury's recommendation, is "ludicrous."

{¶ 5} Judge Winkler's statements appear to have been limited to the potential sentences to be imposed on the aggravated burglary and aggravated robbery convictions. Although the statements probably should not have been made until all phases of the trial were completed, I do not conclude that the judge's statements demonstrate a predisposition to imposing a sentence of death on the defendant. Sentences on these offenses could be imposed independent of the mitigation hearing on the aggravated murder convictions. Moreover, I do not conclude that such statements demonstrate Judge Winkler's predisposition to the

death penalty given the fact that the judge has yet to hear evidence in mitigation or a recommendation from the jury.

{¶ 6} For these reasons, I do not find that Judge Winkler's disqualification is warranted to avoid the appearance of prejudice, partiality, or impropriety. The affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Winkler.

————————————